Rebecca **LOPEZ–VALDEZ**, Petitioner,

v.

**Loretta E. LYNCH, Attorney General, Respondent.**

No. 13–71898.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 25, 2015.*

Filed Sept. 1, 2015.

T. Anthony Guajardo, T. Anthony Guajardo, PLLC, Phoenix, AZ, for Petitioner.

OIL, DOJ–U.S. Department of Justice, Washington, DC, Claire Workman, Senior Litigation Counsel, Chief Counsel ICE, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: McKEOWN, CLIFTON, and HURWITZ, Circuit Judges.

MEMORANDUM **

Rebecca Lopez–Valdez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' order dismissing her appeal from an immigration judge's ("IJ") removal order. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to continue, and review de novo due process claims and questions of law. *Sandoval–Luna v. Mukasey,* 526 F.3d 1243, 1246 (9th Cir.2008). We review for substantial evidence the agency's factual findings. *Lopez–Alvarado v. Ashcroft,* 381 F.3d 847, 850–51 (9th Cir.2004). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review Lopez–Valdez's challenges to her two 2001 expedited removal orders. *See* 8 U.S.C. § 1252(e)(2); *Garcia de Rincon v. Dep't of Homeland Sec.,* 539 F.3d 1133, 1138–39 (9th Cir.2008) (noting that "[s]ection 1252(e) only permits review of expedited removal orders in a habeas corpus petition").

Substantial evidence supports the agency's determination that Lopez–Valdez's 2001 expedited removal orders prevented her from establishing the ten years of continuous physical presence required for cancellation of removal. *See* 8 U.S.C. § 1229b(b)(1)(A); *Juarez–Ramos v. Gonzales,* 485 F.3d 509, 511 (9th Cir.2007) (expedited removal interrupts an alien's continuous physical presence for cancellation purposes).

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

The agency did not abuse its discretion in denying a second continuance where Lopez–Valdez did not show good cause for an additional continuance. *See* 8 C.F.R. § 1003.29 (an IJ may grant a continuance for good cause shown).

Lopez–Valdez has failed to establish a due process violation resulting from her alleged inability to collaterally attack her expedited orders of removal before the IJ. *See* 8 U.S.C. § 1225(b)(1)(C); *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir.2000) (to prevail on a due process challenge, an alien must show error and prejudice).

Finally, we deny Lopez–Valdez's motion to stay voluntary departure and removal. *See* 8 C.F.R. § 1240.26(i); *Leiva–Perez v. Holder*, 640 F.3d 962 (9th Cir.2011) (per curiam).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

Before: McKEOWN, CLIFTON, and HURWITZ, Circuit Judges.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.